OPINION
Appellant Amy Gaugler appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her minor child Sierra Gaugler to Appellee Stark County Department of Human Services (SCDHS). The relevant facts leading to this appeal are as follows. Appellant gave birth to Sierra on July 29, 1999, while serving a period of incarceration at the Franklin County Pre-Release Center. On July 30, 1999, the trial court granted temporary custody of Sierra to SCDHS, pursuant to Juv.R. 6. On August 2, 1999, SCDHS filed a permanent custody complaint and a motion for determination regarding reasonable efforts, in which they asserted that appellant would be incarcerated until December 1999, and that appellant had already lost three children to permanent custody in prior litigation. On August 3, 1999, the trial court maintained custody with SCDHS, appointed counsel for appellant and Sierra's alleged father, who was also incarcerated, and set the matter for evidence on August 30, 1999. The court later reset the trial dates for October 13 and October 25, 1999. At trial, the court heard testimony of the witnesses and considered exhibits submitted by SCDHS, as well as the written report of the attorney guardian ad litem. The alleged father of Sierra did not appear at either hearing despite proper service of process. On November 2, 1999, the court found that Sierra could not and/or should not be placed with either parent at the time or in the foreseeable future, and that the best interests of Sierra would be served by a grant of permanent custody to SCDHS. On November 24, 1999, appellant filed a notice of appeal, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE INTRODUCTION OF INADMISSIBLE "OTHER ACTS" EVIDENCE AND CONSIDERING THE EVIDENCE IN DETERMINING WHETHER APPELLANT'S CUSTODY OF HER MINOR CHILD SHOULD BE TERMINATED.
 II. THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY OF SIERRA GAUGLER TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES IS AGAINST MANIFEST WEIGHT OF THE EVIDENCE.
 I.
In her First Assignment of Error, appellant argues that the trial court improperly allowed the introduction of evidence of her past criminal record. We disagree. Certainly, the rules of evidence apply at hearings on motions for permanent custody. Juv.R. 34(I). However, Evid.R. 405(B) states that "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct." As SCDHS notes in its brief, the complaint contains the specific allegation, per R.C.2151.414(E)(13), that appellant's "repeated incarceration" prevents her from properly caring for Sierra. Moreover, as held by the Ninth District Court of Appeals: [Father] argues, incorrectly, that the trial court improperly considered his prior conviction for child endangering in determining whether he would provide adequate parental care because these events concerned circumstances prior to [the child's] birth.
* * *
R.C. 2151.414(A)(2) directs the court to consider all relevant factors which relate to the adequacy of parental care. Certainly one of these factors is how a child in the parent's care and control will be treated. The trial court could reasonably conclude that the prior conviction was relevant. Farner v. Greathouse (Feb. 1, 1989), Summit App. No. 13776, unreported, at 3. Appellant further contends in this vein that the trial court erred by allowing SCDHS to enter, without calling a records custodian, State's Exhibit 7, the Canton City Police Department compilation of her misdemeanor arrests, convictions, and dispositions. However, an appellate court need not consider an error which an appellant could have called, but did not call, to the trial court's attention when such error could have been avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio State 2d 207. The failure to object with specificity results in waiver of the purported error. State v. Sibert (1994), 98 Ohio App.3d 412,422. The transcript on appeal indicates that although appellant's trial counsel did object to the admission of Exhibit 7, he did not do so on grounds of improper authentication by SCDHS: ATTY. GRAHAM: The only exhibit that we are objecting to is State's exhibit seven in that it includes a fair amount of information that we've already objected to that was elicited through testimony concerning various convictions and then the number of ah. . . .
THE COURT: So ah . . . do you have an objection then to . . .
ATTY. GRAHAM: I'm gonna object to State's exhibit seven in that it includes information concerning arrests, misdemeanor convictions. Again I believe the rules indicate that certain convictions are admissible and this documentation includes significantly more then that.
THE COURT: All right. The exhibits will be received with out objection to one's that are unobjected to with regard to number seven would you state again for the record the basis of your objection.
ATTY. GRAHAM: Your Honor State's exhibit seven includes actually it is computer print out from the Canton Police Department that indicates arrest misdemeanor activity, misdemeanor conviction and misdemeanor dispositions along with other various court documentation that I do not believe are admissible under the rules of evidence and that it is not a felony conviction does not document felony convictions nor does it only reflect types of offenses that rules of evidence deal with by way of theft offenses inside the ten year period. So I'd ask the court to ah not admit that evidence. The court has already heard testimony some of which were over objections but in addition to that information being outside the rule of evidence it is also (not audible) or otherwise inadmissible.
Tr. Vol. II at 22-23.
We therefore find no merit in appellant's contention that the trial court abused its discretion by considering appellant's past criminal activity under the circumstances of this case. Appellant's First Assignment of Error is overruled.
 II.
In her Second Assignment of Error, appellant contends that the award of permanent custody in this matter is against the manifest weight of the evidence. We disagree. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 281. It is based upon this standard that we review appellant's assignment of error. The relevant statute, R.C. 2151.353 (A)(4), provides, in part, that a trial court may: (4) [c]ommit [an abused, neglected, or dependent] child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 * * * of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 * * * of the Revised Code that the permanent commitment is in the best interest of the child. * * *
Appellant contends the trial court's conclusion that the minor child could not or should not be placed with her within a reasonable amount of time is against manifest weight of the evidence, specifically challenging the level of reunification efforts shown in the evidence. However, R.C. 2151.419(A) reads, in part: * * * (2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 * * * (e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child.
* * *
SCDHS asserts that appellant has already lost three children to permanent custody; appellant does not dispute the existence of her prior history with the agency. We find no error in the trial court's findings regarding reasonable efforts by SCDHS. Appellant also challenges the trial court's finding that the grant of permanent custody served the best interests of Sierra. The relevant statutory section of R.C. 2151.414, as written at the time of the case sub judice, mandates as follows: (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child.
A review of the record on appeal indicates that, although appellant told SCDHS caseworker Dee Dee Artis at the time of birth that she wanted to resume parenting upon the completion of incarceration, no relatives expressed interest in taking custody of Sierra, nor did the alleged father. Tr. Vol. II at 6-8. Appellant's past attempts at parenting are clearly fraught with episodes of theft-related offenses, prostitution charges, and drug activity, as well as an inability to follow case planning. The record, as a whole, provides ample competent and credible evidence upon which the trial court could base its best interest findings pursuant to the factors in R.C. 2151.414(D)(1), (D)(4), and (D)(5). The trial court's decision to grant permanent custody to SCDHS was not against the manifest weight of the evidence. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Stark County Court of Common Pleas, Juvenile Division, is hereby affirmed.
 _____________________ Wise, J.
Farmer, P.J., and Edwards, J., concur.